﻿Citation Nr: AXXXXXXXX
Decision Date: 09/30/20 Archive Date: 09/30/20

DOCKET NO. 191213-50308
DATE: September 30, 2020

ORDER

The Veteran’s appeal for a higher rating for service-connected hepatitis B was erroneously docketed at the Board under the Appeals Modernization Act (AMA); the AMA appeal is therefore dismissed, but the appeal remains pending under the Legacy appeal system.

FINDINGS OF FACT

1. The Veteran’s claim for the assignment of an increased disability rating for service-connected hepatitis B was denied in an October 2018 rating decision.

2. The Veteran initiated an appeal under the Legacy appeal system by filing a timely Notice of Disagreement in December 2018.

3. During the pendency of the Legacy appeal, the agency of original jurisdiction (AOJ) issued a partial allowance of the benefits sought, granting an increased rating from 10 to 20 percent, effective November 6, 2019 in a November 2019 rating decision. As this was only a partial allowance of the benefit sought, the AOJ continued to adjudicate the question of whether higher ratings during both stages could be awarded, under the Legacy system, by issuing a March 2020 Statement of the Case. The Veteran perfected a Legacy appeal of this issue, among others, by filing a timely VA Form 9. 

4. After receipt of the November 2019 rating decision, but prior to issuance of the March 2020 Statement of the Case, the Veteran also filed a VA Form 10182 in December 2019 asking for Direct Review of his hepatitis B rating under the AMA system. 

6. Because the November 2019 rating decision included only a partial allowance of the Veteran’s appeal, the appeal remained pending from the initial October 2018 decision under the Legacy system. As such, it was error for the Board to docket the Veteran’s December 2019 request for review of the November 2019 rating decision under the AMA. 

7. The issue of entitlement to a rating greater than 10 percent prior to November 6, 2019, and greater than 20 percent thereafter for service-connected hepatitis B remains pending under the Legacy appeal system, and is not disturbed by this decision; such will be addressed by the Board at a later decision. 

CONCLUSION OF LAW

The criteria for dismissal of the Veteran’s increased rating claim for hepatitis B—from the AMA system only—are met. 38 U.S.C. § 7105; 38 C.F.R. §§ 3.2400(a); 20.202.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran had active service from November 1971 to November 1973 and from December 1973 to February 1981.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law created a new framework for Veterans dissatisfied with the VA decision on their claim to seek review, and it became effective February 19, 2019. 

Here, the AOJ’s initial decision denying the Veteran’s increased rating claim for hepatitis B was issued prior to the implementation of the AMA, in October 2018. The Veteran initiated an appeal of that determination by filing a timely Notice of Disagreement in December 2018 under the Legacy appeal system. 

During the pendency of the appeal, the AOJ issued a November 2019 rating decision, granting a partial staged increase in the Veteran’s hepatitis B disability rating. The AOJ continued to process the appeal in the Legacy system by issuing a March 2020 Statement of the Case. The Veteran perfected an appeal, and the issue, among others, has been certified to the Board under the Legacy system.

Prior to the March 2020 Statement of the Case, the Veteran appears to have attempted to opt-in to the AMA by filing a VA Form 10182, requesting Direct Review of the hepatitis B disability rating by the Board. This form was filed in response to the partial increase awarded in the AOJ’s November 2019 rating decision. Crucially however, because the November 2019 rating decision included only a partial allowance of the Veteran’s appeal, the appeal remained pending from the initial October 2018 decision under the Legacy system. As such, it was error for the Board to docket the Veteran’s December 2019 request for review of the November 2019 rating decision under the AMA. See 38 C.F.R. §§ 3.2400(a); 20.202.

In other words, the October 2018 rating decision on appeal was issued prior to implementation of the AMA on February 19, 2019, and is ineligible for AMA review. The appeal, therefore, which is docketed under the AMA system, must be dismissed as the October 2018 rating decision could only have been appealed under the older appeals system, known as the Legacy system—which indeed, it was. 

In this connection, the Board wishes to make clear that, by this decision, the Board is only finding that it has no jurisdiction over the Veteran’s increased rating claim for hepatitis B under the AMA. As stated above, the Veteran has perfected an appeal as to this issue under the Legacy system, along with others, and such will be the subject of a future Board decision. 

In sum, the Board lacks jurisdiction over the Veteran’s appeal under the AMA, and the AMA appeal is dismissed. 

 

 

V. Chiappetta

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Polly Johnson, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.